

*Joseph Sofer | joesofer@soferharoun.com*

**VIA ECF**
Honorable Lorna Schofield                          April 19, 2023
United States Court
Southern District of New York

Re: Jovani Fashion, Ltd. v. Jasz Couture, Inc., et.al 23-cv-1004

Dear Judge Schofield,

Pursuant to the Court's order of March 21, 2023, the parties submit this joint letter as requested.

**(1) BRIEF STATEMENT OF THE NATURE OF THE CASE**

**Plaintiff's Statement:**  This is a copyright infringement action, pursuant to 17 U.S.C. Sec. 101, et seq. The claims involve 5 copyrighted dress designs owned by the Plaintiff. The registered copyrights are presumed to be valid, requiring Plaintiff to prove illegal copying by the defendants. The legal underpinnings for illegal copying in the 2nd Circuit comprise access to the copyrighted designs and substantial similarity. Once proven, Plaintiff may elect damages based on lost profits or defendants' profits. In this action, Plaintiff has only alleged defendants' profits. Under copyright laws, Plaintiff must show defendants' gross revenue and defendants may show deductible expenses attributed to the sale of the copyrighted goods including the cost of the goods. The parties have begun discussions relating to these issues, including an overall estimate of the defendants' sales.

**Defendants' Statement:**  This is a copyright infringement action involving five dress designs, which are utilitarian pieces of clothing. Defendant disputes the level of deference that the validity of Plaintiff's copyrights are entitled. Defendant also disputes the validity of the five copyrights at issue, including on grounds of eligibility and originality, as well as access and similarity.

## (2) BRIEF STATEMENT AS TO THE BASIS OF JURISDICTION AND VENUE

**Plaintiff's Statement:** This Court has subject matter jurisdiction over all the claims pursuant to 28 U.S.C Sec. 1331 and 1338. Defendants regularly do business with New York and sell their dresses through retail stores located in New York. Venue is proper pursuant to 28 U.S.C. Sec. 1391 and 1400. Both plaintiff, which is headquartered in New York, and defendant, which is headquartered in Los Angeles, manufacture their dresses overseas, import the dresses, and act as wholesalers to various retail stores across the United States. Defendants have indicated that the venue may be improper as a matter of convenience. Plaintiff disagrees and believes the balance of convenience is symmetrical, entitling Plaintiff to the venue of its residence.

**Defendants' Statement:** Defendants contend that the Central District of California is the more appropriate and convenient forum for adjudicating the controversies in this action, and reserves the right to seek a transfer to that district.

## (3) INFORMATION FOR DIVERSITY CASES

Not applicable.

## (4) BRIEF DESCRIPTION OF CONTEMPLATED MOTIONS

**Plaintiff's Statement:** Plaintiff is not planning any motions at this time. Plaintiff will ask the Court during the status conference for an order to receive the identity of all the John Doe retail stores that purchased the accused dresses so that they can be added as additional parties, in time before any deadline set for amending the Complaint.

**Defendants' Statement:** Defendants reserve the right to bring a motion to transfer this action to the Central District of California on the grounds of *forum nonconveniens*.

## (5) BRIEF DESCRIPTION OF DISCOVERY SO FAR

**Plaintiff's Statement:** The parties have exchanged overall estimates of gross sales by defendants to get an understanding of the scope of this case. All discovery regarding the elements of the case stated in section (1) above are deemed admissible, including evidence regarding the defendants' process of acquiring the disputed designs, the parties involved, the import documents, invoices, and gross sales.

**Defendants' Statement:** Defendants have not conducted discovery to date.

**(6) COMPUTATION OF DAMAGES**

**Plaintiff's Statement:** In its complaint, Plaintiff has asked for Defendants' profits.

**Defendants' Statement:** Defendants agree with this characterization of Plaintiff's claims for damages.

**(7) SETTLEMENT DISCUSSIONS:**

**Plaintiff's Statement:** As stated above, the parties have begun preliminary discussions regarding the possibility of a settlement. Plaintiff believes that if the parties cannot resolve the matter, they would benefit from a settlement conference at the end of the document discovery.

**Defendants' Statement:** Defendant agrees with this characterization of the parties' preliminary discussions but believes that an early settlement conference may be helpful in resolving this matter before the end of document discovery.

Sincerely,

*Joseph Sofer*

Joseph Sofer
Alan Roberts
Sofer & Haroun, LLP
Attorneys for the Plaintiff

___