1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOVANI FASHIONS, LTD., <br><br>                         Plaintiff, <br><br> - against - <br><br> Jasz Couture, Inc., Tawinder Singh and John Does 1-100 <br><br>                         Defendants. | 1:23-cv-01994 (LGS) <br><br> STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER |

Lorna G Schofield U.S.D.J.:

WHEREAS**,** the parties have recognized and agreed that this lawsuit will or may require the disclosure to opposing parties of information considered by the disclosing party to be confidential, and

WHEREAS, the parties wish to proceed expeditiously with discovery in this action without burdening the Court with unnecessary procedural litigation and therefore wish to agree on a reasonable means of protecting such information from being placed on the public record or being disclosed to third parties; and

WHEREAS**,** good cause exists for entry of a confidentiality protective order;

IT IS HEREBY STIPULATED AND AGREED**,** by and among the undersigned counsel for the above-captioned parties as follows:

1.      This Protective Order ("Order") governs the handling of confidential and/or privileged information contained in documents, electronically stored information, deposition testimony and deposition exhibits, trial testimony, disclosures, interrogatory responses, answers to requests for admissions and other discovery devices and materials

2

("Discovery Material") produced by or obtained from or relating to any of the parties to this action.

2. If any party hereto believes that the Discovery Material in the action contains or discloses trade secrets, proprietary or commercial information, personnel records of corporate employees, information subject to a right to privacy, or any other commercially or personally sensitive information of a non-public nature, it may designate such Discovery Material as "Confidential" by prominently marking the same "Confidential" or, if this is not practicable, by advising opposing counsel of such designation in writing.

3. The parties may also designate Confidential Discovery Material as "Confidential-Attorneys' Eyes Only" (or an abbreviation thereof).  A producing person or party shall make the Confidential-Attorneys' Eyes Only designation only as to Confidential Discovery Material which that person or party in good faith believes to constitute or include trade secrets or other highly sensitive personal or commercial information within the meaning of Rule 26(c), Fed. R. Civ P.

4. Any party may, on the record of the deposition or by written notice to counsel for all parties, no later than twenty-one (21) days after receipt of a deposition transcript (not including "rough" transcripts), designate all or any portion thereof, including exhibits, as Confidential or Confidential-Attorneys' Eyes Only under the terms of this Order.  During the twenty-one (21) day period, all transcripts, exhibits and information contained herein will be deemed to be Confidential-Attorneys' Eyes Only in their entirety under the terms of this Protective Order. All copies or parts thereof of deposition transcripts and exhibits that contain confidential matter shall be prominently

3

marked Confidential or Confidential-Attorneys' Eyes Only on the cover thereof and on every page so designated.

5. Discovery Material designated Confidential and/or Confidential Attorneys' Eyes Only shall be used solely for the purpose of this or related litigation, including in the preparation for trial, at trial and/or in connection with any appeal of this action and shall not be used for any other purpose whatsoever.

6. In the event any of the parties hereto obtain documents or material by virtue of subpoenas issued to third parties, either party may also advise the others in writing, of the intent to consider said documents or material as Confidential and/or Confidential-Attorneys' Eyes Only pursuant to the terms of this Order.

7. Confidential Discovery Material shall be produced to and used solely by (i) the parties, including all officers, directors or employees of a party, former or current, assisting in the prosecution or defense of the action and for whom it is necessary to disclose the Confidential Discovery Material, all of whom shall be advised of and agree to be bound by the terms of this Order and (ii) the parties' attorneys of record, who shall not disclose or permit disclosure of the Confidential Discovery Material or the contents thereof, except to the following persons:

    (a)    their law partners, associates, paralegal and other persons employed by the law offices of such attorneys;

    (b)    outside vendors, such as court reporters, copy centers or translation services specifically engaged to assist counsel with the prosecution or defense of this action;

4

(c)  bona fide outside experts or consultants and their employees, not on the staff of any party, consulted by such attorneys for assistance in their prosecution or defense of the claims in this litigation, who have signed the undertaking annexed hereto as Appendix A;

(d)  any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Appendix A to this Protective order;

(e)  the authors and the original recipients of the documents;

(f)  other persons, upon written consent of the producing parties or with leave of the Court after notice to the party producing such Confidential Discovery Material;

(g)  the Court, Court personnel and members of any jury, including alternates, impaneled to hear his matter; and

(h)  Claims adjusters, counsel, and/or employees of any insurance company that may be obligated, in whole or part, to defend or indemnify a party in the instant action.

8.  Use of any Discovery Material marked Attorneys' Eyes Only, including all information derived therefrom, shall be restricted solely to the following persons, who are to be advised of and agree to be bound by the terms of this Order, unless additional persons are stipulated by counsel or authorized by the Court:

5

(a) outside counsel for any party to the above-captioned litigation, and all employees of outside counsels' firm, including but not limited to paralegal assistance and clerical employees;

(b) <u>bona fide</u> outside experts or consultants and their employees, not on the staff of any party, consulted by the parties' outside attorneys for assistance in the prosecution or defense of the claims in this litigation, who have signed the undertaking annexed hereto as Appendix A;

(c) the authors and the original recipients of the documents;

(d) any deposition or trial witness may be shown and examined on any document if the witness (1) prepared or received the document previously, (2) is currently employed by the party that produced the document, or (3) is representing the party that produced the document as a designee in response to a deposition notice in the above-captioned action, and provided that such witness may not retain any "Attorneys' Eyes Only" Material.;

(e) other persons, upon written consent of the producing party or with leave of the Court after notice to the party producing Attorneys' Eyes-Only Discovery Material;

(f) the Court, Court personnel and members of any jury, including alternates, impaneled to hear this matter; and

6

(g) Claims adjusters, counsel, and/or employees of any insurance company that may be obligated, in whole or part, to defend or indemnify a party in the instant action.

9. Each person to whom Confidential Discovery Material or Confidential-Attorneys' Eyes Only Discovery Material or the contents thereof is to be disclosed pursuant to paragraph 7 (i) and 7 (ii) (b) - (f) and 8 (b) - (e) above, shall agree to be bound thereby;

    (a) that he or she has read a copy of this Order and agrees to be bound thereby;

    (b) that he or she will not disclose such Confidential or Confidential-Attorneys' Eyes Only Discovery Material or the contents thereof to any person not entitled thereto under this Order; and

    (c) that he or she will not use such Confidential or Confidential-Attorneys' Eyes Only Discovery Material or the contents thereof except in connection with these limitations.

With respect to persons designated in paragraphs 7(i), 7(ii) (b)-(f) and 8(b)-(e), such agreement shall be manifested by the signature of each person on a copy of Appendix A hereto, which shall be maintained by the attorney for the party who has disclosed the Confidential Discovery Material to such person. Prior to the disclosure of Confidential Discovery Materials to a person that signed a copy of Appendix A, a copy of the signed Appendix A must be forwarded to all counsel in this matter. Counsel for the designating party shall have five (5) business days after receiving said signed Appendix A to provide a written objection to the disclosure of such Confidential

7

Discovery Materials. Confidential Discovery Materials shall not be disclosed to the person that signed the Appendix A unless five (5) business days have lapsed since receipt of the signed Appendix A by counsel for the designating party and such counsel has not served a written objection by e-mail on counsel for all parties in the above-captioned civil action. Upon receipt of such written objection, counsel shall negotiate in good faith to resolve the dispute as to the disclosure. If counsel are unable to resolve the dispute, the objecting party may, on notice, file an application requesting the Court to prohibit the proposed disclosure. Any such application shall be filed within five (5) business days after service of the party's objection. An objecting party's failure to file such an application within the specified period shall be deemed a withdrawal of the party's objection. If an application is timely filed, the proposed disclosure shall not occur pending the ruling of the Court on such application and the objecting party shall have the burden of proving that the proposed disclosure should not be permitted.

      10.    This Order shall not be construed to prevent any parties from making copies of any Confidential or Confidential-Attorneys' Eyes Only Discovery Material hereby disclosed.  However, all such copies shall be subject to the provisions of this Order.

      11.    In the event that any Confidential or Confidential-Attorneys' Eyes Only Material is used in any court proceeding in connection with this litigation, it shall not lose its Confidential or Confidential-Attorneys' Eyes Only status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

8

12.     All information subject to confidential treatment in accordance with the terms of this Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any confidential information, shall be filed under seal only as provided in Judge Schofield' Rule I.D.3.  Where possible, only confidential portions of filings with the Court shall be filed under seal.  If the Court does not permit a party to file certain confidential information under seal, the parties shall be able to file, and rely upon, such information to prosecute and/or defend against this case.

13.     In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System.  The Parties shall file an unredacted copy of the Confidential Court Submission under seal only as provided in Judge Schofield's Rule I.D.3, with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.  The Confidential Court Submission shall also be marked as follows:

> **CONFIDENTIAL OR ATTORNEYS' EYES ONLY**
> IN ACCORDANCE WITH A CONFIDENTIALITY ORDER, THE ENCLOSURES SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPHS 7(G) AND 8(F) OF THE CONFIDENTIAL ORDER.

14.     Each individual who received any Confidential or Confidential-Attorneys' Eyes Only Material hereby agrees to subject himself/herself to the jurisdiction of this

9

Court for the purpose of any proceedings relating to the compliance with or violation of this Confidentiality Order.

15. A party shall not be obligated to challenge the propriety of a Confidential or Confidential-Attorneys' Eyes Only designation at the time made, and failure to do so shall not preclude subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing party written notice of its disagreement with the designation.  The parties shall first try to dispose of such dispute in good faith on an informal basis.  If the dispute cannot be resolved within ten (10) business days of the date of receipt of the written notice (unless circumstances require a quicker resolution), or if the producing party has not responded to said written notice within ten (10) business days (unless circumstances require a quicker resolution), the party objecting to the confidential status of any information may request appropriate relief from the Court.  The burden of establishing that information has been properly designated as Confidential or Confidential-Attorneys' Eyes Only is on the party making such designation.  Discovery Material designated as Confidential or Confidential-Attorneys' Eyes Only shall be treated as so designated unless and until the Court directs otherwise.

16. The inadvertent production of privileged or otherwise protected material shall not be deemed a waiver of the applicable privilege or protection.  When a party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the parties who received the information are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Nothing herein shall preclude a

10

producing party from seeking relief for an inadvertent disclosure of material protected by privilege or work product or other protection.

17. In the event anyone shall inadvertently disclose information to another party or third party that has been designated **CONFIDENTIAL** or **CONFIDENTIAL - ATTORNEYS' EYES ONLY**, the party making the inadvertent disclosure shall, upon learning of the disclosure:

(a) Promptly notify the person to whom the disclosure was made that the disclosure contains Confidential Information and that it did not intend to waive privilege or confidentiality;

(b) Promptly make all reasonable and necessary efforts to obtain the return of and preclude dissemination or use of the Confidential Information by the person to whom disclosure was inadvertently made; and

(c) Promptly notify all other parties of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps that have been taken and will be taken to ensure against further dissemination or use of the Confidential information.

In the event anyone shall violate, or threaten to violate, any terms of this Order, the parties hereto agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person.

18. Nothing herein shall prevent any person from seeking, by written agreement of the parties or Court order, further, greater, or lesser protection with respect to the use of any Confidential or Confidential-Attorneys' Eyes Only Materials in connection with this Action.

11

19. Entering into, agreeing to and/or producing or receiving materials or otherwise complying with the terms of this Order shall not:

   (a) prejudice or effect in any way the rights of any party to this action to object to the production of documents it considers not subject to discovery under the F.R.C.P. or otherwise;

   (b) prejudice in any way the rights of a party to seek a court determination:

      (i) whether particular discovery material should be produced; or

      (ii) if produced, whether such discovery material should be subject to the terms of this Protective Order;

   (c) prejudice, affect or apply to statutory or common law privileges, all of which are preserved and may be asserted by any party irrespective of the provisions of this Order; or

   (d) prejudice or affect in any way the rights of any party to this action to object upon any grounds to the admission of any document or thing into evidence at the time of trial or otherwise.

20. In the event additional persons become parties to this litigation, they shall not have access to Confidential or Confidential-Attorneys' Eyes Only Discovery Material produced by or obtained by any parties to this action until the newly joined party, by its counsel, has executed and filed with the Court a copy of this Order.

21. Within 45 (45) days of the conclusion of this litigation, whether by judgment, settlement or otherwise (and after exhaustion of all appeals), all Confidential

12

or Confidential-Attorneys' Eyes Only Discovery Materials, and copies thereof, shall be returned to counsel for the producing party or such Discovery Material shall be certified in writing to have been destroyed.

22. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

23. No Discovery Material shall be designated as "Confidential" or "Confidential – Attorneys' Eyes Only," or shall be subject to this Order or any other obligation restricting subsequent use or dissemination of information if: (a) such information was freely accessible to the general public at the time of disclosure; (b) such information becomes publicly available from a source other than the receiving party; (c) the receiving party can show by written document that information was in its rightful and lawful possession at the time of disclosure; or (d) the receiving party lawfully receives such information at a later date from a nonparty without restriction as to disclosure, provided such nonparty had the right to make the disclosure to the receiving party.

13

24. The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

      /Joseph Sofer/
Joseph Sofer, Esq.
Attorney for Plaintiff, Jovani Fashions, Ltd.
Sofer & Haroun, LLP
110 West 40th Street
New York, New York 10018
joesofer@soferharoun.com

      /James L. Jacobs/
James L. Jacobs, Esq.
Attorney for Defendants, Jasz Couture, Tawinder Singh
GCA Law Partners, LLP
2570 W. El Camino Real, Suite 400
Mountain View, California  94040
jjacobs@gcalaw.com

Dated: New York, New York
May ,   2023   SO ORDERED.

                                              Lorna A Schofield
                                              United States District Judge

14
**APPENDIX A**

I _____ hereby agree that: (a) I have read a copy of this Protective Order and agree to be bound thereby; (b) I will not disclose any Confidential or Confidential-Attorneys' Eyes Only Discovery Material or the contents thereof to which I become privy to any person not entitled thereto under the terms of this Protective Order; and (c) I will not use such Confidential or Confidential-Attorneys' Eyes Only Discovery Material or the contents thereof except in connection with this litigation.

Signature: _____    Date:

Print Name: _____

Address: _____

Title: _____

Company: _____